UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIAMOND CRAFT,

                Petitioner,

vs.

                                                  Case No. 05-CV-74177
                                                  Crim. No. 02-CR-81043-01
                                                    HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

                Respondent.

_____/

## ORDER DISMISSING § 2255 PETITION (#27) AND DENYING CERTIFICATE OF APPEALABILITY

       Petitioner Diamond Craft was convicted by a jury of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), possession with intent to distribute less than 50 kilograms of marijuana, 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(e)(1)(A), and was sentenced on May 7, 2004 to concurrent prison terms of 120 months and 60 months, and to an additional consecutive 240 month prison term on the possession of a firearm in furtherance of drug trafficking conviction.  Petitioner filed the instant 28 U.S.C. § 2255 motion on July 1, 2005 seeking relief from his sentence, arguing his criminal prosecution began in state court, and was improperly reassigned for federal prosecution under the national "Project Safe Neighborhoods" (PSN) initiative after petitioner had reached a plea agreement in state court, citing United States v. Nixon, 318 F.Supp.2d 525 (E.D. Mich. 2004) to support his position.  Petitioner argues he was deprived of his opportunity to follow through with the

offered state court plea deal.  In the alternative, petitioner seeks discovery on the issue of whether he was the victim of racially selective prosecution in federal court under the PSN initiative.

As the government points out, defendant's direct appeal to the Sixth Circuit was pending at the time petitioner filed this motion for § 2255 relief.  "[I]n the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." Capaldi v. Pontesso, 135 F.3d 1122, 1124 (6th Cir. 1998).  Part of the reason for this rule is that disposition of the appeal may render the § 2255 motion moot.  Id.  The Sixth Circuit has since affirmed petitioner's convictions, rejecting his arguments as to the admission and sufficiency of evidence. United States v. Craft, 04-1606, 2005 WL 2347849 (6th Cir. Sept. 26, 2005).  The results of the direct appeal did not render moot the issues raised in petitioner's § 2255 motion, and with entry of an October 18, 2005 mandate by the Sixth Circuit, jurisdiction is once again vested in this district court.  The court proceeds to address petitioner's § 2255 arguments.

Nixon is simply not analogous to petitioner's circumstances.  In Nixon, the district court granted post-conviction relief based on a finding that the two criminal defendants were denied effective assistance of counsel in state court when their attorneys failed to apprise them of their possible sentencing exposure in a federal court prosecution should they continue to reject state court plea offers.  Nixon, 318 F.Supp.2d at 527.  Petitioner Craft makes no allegation of ineffective assistance of counsel, but instead argues that his state criminal court matters were referred for federal prosecution before he could reach a plea agreement in state court.

2

It is well settled that a person charged with a crime has "no constitutional right to plea bargain". Weatherford v. Bursey, 429 U.S. 545, 561 (1977). "A plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of ... any ... constitutionally protected interest. It is the ensuing guilty plea that implicates the Constitution." Mabry v. Johnson, 467 U.S. 504, 507 (1984).

United States v. Ball, No. 85-5863, 1986 WL 18119, **2 (6th Cir. Oct. 21, 1986). Referral of petitioner's criminal case for federal prosecution before petitioner could reach a plea deal in state court does not, of itself, implicate constitutional protections.

Petitioner's request for discovery as to selective prosecution is also without merit. "[T]o prevail on a selective prosecution claim, a defendant must show that the federal prosecutorial policy had both a discriminatory effect and a discriminatory purpose." United States v. Jones, 159 F.3d 969, 976 (6th Cir. 1998) (citing United States v. Armstrong, 517 U.S. 456, 465 (1996)). A criminal defendant is entitled to discovery upon producing evidence establishing a prima facie case of discriminatory intent, and "some evidence 'tending to show the existence of discriminatory effect.'" Id. at 977-78 (quoting Armstrong, 517 U.S. at 465). Petitioner has not proffered any evidence indicating that the referral of his case for federal prosecution was motivated by racial animus. Statistics alone fall short of establishing a right to discovery. Jones, 159 F.3d at 977-78; United States v. Wallace, 389 F.Supp.2d 799 (E.D. Mich. May 24, 2005) (denying motion for discovery on issue of selective prosecution under PSN initiative premised on Detroit Federal Defender statistic that 55 of 61 federal firearms cases originating in state court involved African-American defendants). As in Wallace, petitioner has produced no evidence that any non-African-American individual charged with similar drug and firearm offenses was known to federal authorities but not referred for federal prosecution. Wallace, 389 F.Supp.2d at 803-04.

3

For the reasons set forth above, petitioner Diamond Craft's motion for relief under § 2255 is hereby DENIED, and his petition is hereby DISMISSED.  Before petitioner may appeal this court's decision, a certificate of appealability must issue.   28 U.S.C. §2253(c)(1)(B); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2).   Petitioner has made no such showing.   Accordingly, a certificate of appealability is also hereby DENIED.

SO ORDERED.


s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  November 22, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on November 22, 2005, by electronic and/or ordinary mail.


s/Josephine Chaffee
Secretary/Deputy Clerk