UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                        Case No. 02-CR-81043

vs.                                  HON. GEORGE CARAM STEEH

DIAMOND CRAFT,

        Defendant.

_____/

## ORDER DISMISSING DEFENDANT'S OCTOBER 5, 2006 § 2255 PETITION FOR HABEAS RELIEF (# 65)

This matter is before the court on remand from the Sixth Circuit in Craft v. United States, 299 Fed. App'x 507 (6th Cir. Oct. 31 2008) with instructions to conduct an evidentiary hearing to determine whether defendant Diamond Craft authorized Attorney Kevin Hammons to file a July 1, 2005 habeas petition under 28 U.S.C. § 2255 before Craft filed a pro se petition for habeas relief under § 2255 on October 5, 2006. An evidentiary hearing was held on January 28, 2009.

Under the Antiterrorism and Effective Death Penalty Act of 1996, an inmate seeking to file a second or successive § 2255 petition must first file a motion in the Circuit Court of Appeals for permission to file the petition. 28 U.S.C. § 2244(b)(3)(A); In re Hanserd, 123 F.3d 922, 934 (6th Cir. 1997). Unless the Circuit Court has approved the second petition, the District Court must transfer the case to the Circuit Court for lack of jurisdiction. Ferrazza v. Tessmer, 36 F. Supp.2d 965, 971 (E.D. Mich. 1999). On December 20, 2006, this court transferred Craft's October 5, 2006 petition to the Sixth Circuit as successive to

the July 1, 2005 petition filed by Attorney Hammons.  At oral argument before the Sixth Circuit panel, the parties agreed that a question of fact remained whether Craft authorized the first petition filed by Attorney Hammons.  Craft, 299 Fed. App'x at 509.  On remand, the factual issue is whether Craft authorized Attorney Hammons to file the July 1, 2005 petition, or whether Craft's October 5, 2006 pro se petition was his first § 2255 petition.  Id.

Attorney Hammons represented Craft in two 2002 federal criminal matters charging Craft with gun and drug crimes in the Eastern District of Michigan, Case No. 02-81172 and Case No. 02-81043.  Both cases were initially assigned to District Judge Lawrence Zatkoff.  On December 5, 2003, Case No. 02-81043 was reassigned to this court for a jury trial.  Craft was convicted on all three counts on December 12, 2003, and sentenced to 30 years imprisonment on May 3, 2004.  On July 29, 2004, this court granted Attorney Hammons permission to withdraw, finding Craft was entitled to appointment of appellate counsel.  Attorney Hammons continued to represent Craft in the case before Judge Zatkoff.  On July 1, 2005, Attorney Hammons filed a motion to remand to state court in Judge Zatkoff's case, and the § 2255 habeas petition at issue in this case. Hammons pleaded guilty in Judge Zatkoff's case on August 9, 2005.  On September 26, 2005, the Sixth Circuit upheld Craft's conviction and 30-year sentence on direct appeal.  United States v. Craft, 150 Fed. App'x 413 (6th Cir. 2005).  This court denied the § 2255 petition filed by Attorney Hammons on November 27, 2005.  Craft v. United States, 2005 WL 3143267 (E.D. Mich. Nov. 22, 2005).  Craft filed his pro se petition for § 2255 habeas relief with this court on October 5, 2006.

The credible testimony of Attorney Hammons, supported by documentary evidence, convinces the court that Craft expressly authorized Attorney Hammons to file the July 1, 2005 § 2255 habeas petition.  It is undisputed that Attorney Hammons and Craft have

maintained an attorney-client relationship since the 1980s.   According to Attorney Hammons, Craft read news reports about two individuals convicted in federal court who had their sentences adjusted or remanded to state court based upon a novel interpretation of a statute.   Attorney Hammons testified that Craft provided him "not only with the newspaper articles, but statutes and case law that he had obtained from the library that was available in the detention center in Milan."  Craft himself admitted that, in discussions with Attorney Hammons, they "both" brought up the issue of challenging the Project Safe Neighborhood situation because they each had "seen it on the news and read about it about the same time."  Craft also conceded that he read and received a copy of the July 1, 2005 motion to remand filed by Attorney Hammons on his behalf in the Judge Zatkoff case, and that he authorized its filing.  The July 1, 2005 motion to remand filed with Judge Zatkoff was premised on U.S. v. Nixon, 318 F.Supp.2d 525 (E.D. Mich. 2004), and was prompted in part by "a *Detroit News* article about another challenge to [Project Safe Neighborhood]."  The motion represents:

> Finally, given that Mr. Craft had two cases referred to the U.S. Attorney's Office, both with the same AUSA and defense counsel, but different judges and *with Mr. Craft seeking similar relief in both cases*, *indeed filing this motion in both courts*, he wishes one or the other judge take jurisdiction of both cases for such relief as may be granted.

Defendant's Motion For Remand To State Court, 02-81172, at 6 (emphasis added).  Craft testified at the evidentiary hearing:

Q.  Do you remember reading that when you got the motion?

A. [by Craft]  Yes.

Q.  And what I mean, did you know that Mr. Hammons might have filed something in this case?

A.  Yes.

3

Tr., at 61.  The July 1, 2005 motion for § 2255 habeas relief filed with this court contained

the identical paragraph from the July 1, 2005 motion to remand as quoted above, relied on

Nixon, supra, as brought to attention by "a *Detroit News* article," and advanced the same

legal arguments as the motion to remand before Judge Zatkoff, practically verbatim.

Consistent with this evidence, and given the opportunity to view Attorney Hammons

and Craft as they testified, the court finds Attorney Hammons' testimony that Craft directed

him to file the July 1, 2005 § 2255 petition the more credible.

> Q.  And with regard to -- let's take the first one, the one that was filed on Judge Steeh case.  After the notice of appeal was filed, did you -- first and foremost, did you have an opportunity to discuss that motion with Mr. Craft and let him review it before you filed it?
>
> A. [by Attorney Hammons] I did.
>
> Q.  And did Mr. Craft want you to file that?
>
> A.  I think it is more than he wanted me to.  He directed me to file it.  These two motions are the products essentially of his own research.  . . . .  I did not want to file those motions, but --
>
> Q.  What?  I'm sorry?
>
> A.  He very, very much asked me to do it and --
>
> Q.  Were there threats by him?
>
> A.  It was some issue about, if I didn't, then his aunt would pursue litigation seeking to get a refund on money she paid me both for the Zatkoff and Steeh case, and sometimes -- and I'm speaking as a defense attorey -- it is better to do what the client wants after you had given him your best advice and counsel, that this would not be in your best interest than to fight him, and then have him file a motion or appeal based upon the facts that you did not provide him with the legal representation that he wanted.  That was the [sum and substance] of why I filed these documents.  I did not want to do it under the circumstances that I presented on this record.

Tr. at 23-24.    Craft's testimony that he never discussed the July 1, 2005 habeas petition

with Attorney Hammons, that Attorney Hammons never told him that he was filing the

motion, and that he never received a copy of the petition is simply not credible. Craft's

assertion that Attorney Hammons filed the petition to avert any later § 2255 challenges of

ineffective assistance of counsel is not supported by the record and credible testimony.

Craft's argument that Attorney Hammons lacked authority to file the petition after

withdrawing from his case on July 29, 2004 in deference to the appointment of appellate

counsel is also without merit. The issue before this court on remand is whether Craft

authorized Attorney Hammons to file the July 1, 2005 habeas petition. Craft cannot be

permitted to accept Attorney Hammons' representation by expressly authorizing the filing

of the July 1, 2005 petition, then later disavowing it. See Williams v. Lockhart, 862 F.2d

155, 160 (8th Cir. 1988).

On finding that Craft expressly authorized Attorney Craft to file the July 1, 2005

petition for habeas relief under § 2255, Craft's second October 5, 2006 pro se § 2255

petition is hereby DISMISSED. See Craft, 299 Fed. App'x at 509.

SO ORDERED.

Dated: June 5, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 5, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk