UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIAMOND SHILO CRAFT,

        Petitioner,

                              Case No. 02-81043

vs.

                              HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

        Respondent.

_____/

## ORDER TRANSFERRING CASE TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Before the court is petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Because this is a successive § 2255 motion, and petitioner has failed to obtain prior authorization from the Circuit Court of Appeals, this court is required to transfer this matter to the Circuit Court of Appeals.

Before a petitioner may file a second or successive § 2255 motion in this court, he must file a motion in the Circuit Court of Appeals as set forth in 28 U.S.C. § 2244(b)(3)(A), seeking authorization to file the motion to vacate, set aside or correct sentence in this court. In re Hanserd, 123 F. 3d 922, 934 (6th Cir. 1997); In re Sims, 111 F. 3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

On December 12, 2003, a jury found petitioner guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), possession with intent to distribute less than fifty kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). This court sentenced petitioner to an aggregate three hundred and sixty (360) months of imprisonment. The Circuit Court of Appeals affirmed petitioner's conviction and sentence. See United States v. Craft, 150 F. App'x 413 (6th Cir. 2005).

On July 1, 2005, petitioner, through counsel, filed a motion to vacate, set aside or correct sentence. See Dkt. No. 58. This court denied his motion to vacate, set aside or correct sentence on November 22, 2005. See Dkt. No. 63. On October 5, 2006, petitioner filed a § 2255 motion to vacate, set aside, or correct sentence. See Dkt. No. 65. On December 20, 2006, this court transferred petitioner's § 2255 motion to vacate, set aside, or correct sentence to the Circuit Court of Appeals as a second or successive motion. See Dkt. No. 68. Thereafter, the Circuit Court of Appeals remanded the case to this court concluding that an evidentiary hearing was required to determine whether petitioner authorized his attorney to file the July 1, 2005 § 2255 motion.

After an evidentiary hearing, this court concluded that petitioner had expressly authorized his attorney to file the July 1, 2005 § 2255 motion. Therefore, his October 5, 2006 § 2255 motion to vacate, set aside or correct sentence was

successive, and this court dismissed his motion and denied him a certificate of appealability. Likewise, the present motion is a successive § 2255 motion requiring authorization from the Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

The clerk of the court shall transfer petitioner's §2255 motion to vacate, set aside, or correct sentence to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and In Re Sims, 111 F.3d 45, 47 (6th Cir. 1997).

SO ORDERED.

Dated: October 24, 2011

                                      S/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 24, 2011, by electronic and/or ordinary mail and also to Diamond Shilo Craft at USP Atwater, P.O> Box 019001, Atwater, CA 95301

S/Josephine Chaffee
Deputy Clerk

---