UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                             Case No. 02-81043

   v.

                             Hon. George Caram Steeh

DIAMOND CRAFT,

       Defendant.

_____/

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE (ECF No. 96)

      Defendant Diamond Craft seeks compassionate release based upon

the risk of contracting COVID-19 while in prison.  The court has received

the government's response, as well as several letters in support of Craft.

For the reasons explained below, Craft's motion is denied.

BACKGROUND FACTS

      After a jury trial, Craft was convicted of being a felon in possession of

a firearm, possession with intent to distribute marijuana, and possession of

a firearm in furtherance of a drug trafficking crime.  Prior to this, Craft had

eight felony and five misdemeanor convictions.  He was on probation for a

state drug trafficking offense when he committed the instant crimes, as well

as another marijuana trafficking offense charged in a separate indictment

before Judge Zatkoff.  (E.D. Mich. Case No. 02-81172.)  In 2004, the court

sentenced Craft as a career offender to 360 months of imprisonment.  He is 47 years old and his projected release date is November 25, 2028.

Craft seeks compassionate release based upon his risk of contracting COVID-19.  He argues that his underlying health conditions, including diabetes and hypertension, place him at greater risk should he be exposed. At the time he submitted his motion, Craft was housed at the Oklahoma City Federal Transfer Center.  He has since been transferred to Federal Correctional Center Manchester, which has 39 active reported COVID-19 cases.[1]  Although Craft has been tested for COVID-19, the record does not reflect the result.  Craft requested home confinement or compassionate release from the warden of Oklahoma City FTC, but his request was denied.

<u>LAW AND ANALYSIS</u>

I.   <u>Legal Standard</u>

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  This section allows for judicial modification of an imposed term of imprisonment

---

[1] https://www.bop.gov/coronavirus/ (last accessed July 22, 2020).

when three criteria have been met: (1) the defendant has first exhausted all administrative remedies with the Bureau of Prisons or at least allowed the BOP 30 days to act on his request before seeking compassionate release on his own motion;  (2) extraordinary and compelling reasons warrant such a reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission and the court has considered the factors set forth in section 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

An "extraordinary and compelling reason" for the reduction can be satisfied in cases where a defendant's medical conditions or overall state of health are such that they cannot be treated effectively or will worsen in a custodial environment.  To qualify, a defendant must have a medical condition, age-related issue, family circumstance, or other reason that satisfies the criteria in USSG § 1B1.13(1)(A) & cmt. n.1.  Medical conditions meeting the "extraordinary and compelling" standard include terminal illnesses or serious physical or cognitive impairments.  *Id.*  In addition, the defendant must "not [be] a danger to the safety of the any other person or to the community."  USSG § 1B1.13(2).

Even if these criteria are met, the court may not grant a motion for compassionate release unless the factors set forth in § 3553 support a sentence reduction.  *See* 18 U.S.C. § 3553(a); *United States v. Kincaid*,

-3-

802 Fed. Appx. 187 (6th Cir. 2020) (affirming denial of compassionate release motion when district court found that § 3553 factors did not weigh in favor of sentence reduction).  These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment, general and specific deterrence, and the protection of the public.  18 U.S.C. § 3553(a).

II.   Analysis

Craft made a request for compassionate release to the BOP, which was denied.  Accordingly, Craft has exhausted his administrative remedies and the court may consider his motion.  *See United States v. Alam*, 960 F.3d 831, 833-35 (6th Cir. 2020) (holding exhaustion to be mandatory).

Craft argues that extraordinary and compelling reasons justify compassionate release in light of the COVID-19 pandemic.  Craft asserts that he suffers from several chronic health problems, including hypertension and diabetes, that put him at a higher risk of complications should he contract COVID-19.[2]  Although Craft has hypertension and hypothyroidism, among other health issues, his medical records reflect that his Type 2 diabetes has resolved.  ECF No. 101-1 at PageID 722.

---

[2] According to the Centers for Disease Control and Prevention, individuals with hypertension "might be at an increased risk for severe illness from COVID-19."  *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last accessed July 20, 2020).

The court appreciates Craft's concerns about contracting COVID-19. However, a "generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission." *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020); *accord United States v. Bridges*, No. 14-20007, 2020 WL 2553299, at *4 (E.D. Mich. May 20, 2020); *United States v. Alzand*, No. 18-20703, 2020 WL 2781824, at *3 (E.D. Mich. May 29, 2020).  *See also United States v. Whitsell*, 2020 WL 3639590, at *4 (E.D. Mich. July 6, 2020) ("Other district courts have granted compassionate release only upon a finding of numerous and severe medical conditions that place [inmates] at a significantly higher risk for severe illness from COVID-19.")  *Cf. United States v. Mitchell,* 2020 WL 3972656, at *3 (E.D. Mich. July 14, 2020) (Type 2 diabetes and hypertension, in conjunction with COVID-19 pandemic, constituted extraordinary and compelling reasons).  In addition, the court notes that the BOP has implemented numerous preventative measures, including increased physical distancing, illness screening, testing, and cleaning.  *See* https://www.bop.gov/coronavirus/; *Wilson v. Williams*, 961 F.3d 829, 834 (6th Cir. 2020) (detailing BOP pandemic response).

-5-

Even if Craft demonstrated extraordinary and compelling reasons, the court finds that the other prerequisites to compassionate release are not met. First, Craft has not demonstrated that his release would not compromise public safety. Section 1B1.13(2) only permits release if a defendant is "not a danger to the safety of any other person or to the community." The record does not support such a finding here. His convictions for drug and firearm offenses, as well as his history of recidivism, demonstrate his danger to the community. In addition, Craft has been disciplined in prison for infractions such as possessing a dangerous weapon, fighting, possessing a hazardous tool and stolen property, refusing to obey a staff order, and insolence to staff. ECF No. 100-6. The court cannot be assured that he will comply with the terms of supervised release or social distancing recommendations, which are essential to the safety of the community, if he is unable to adhere to the rules while in custody.

Second, the § 3553(a) factors, including Defendant's history and characteristics, the seriousness of the offense, promoting respect for the law, and providing just punishment, weigh against his request for compassionate release. As noted, Craft has a history of recidivism, including several crimes that he committed while on probation, leading the court to sentence him as a career offender. His drug and firearms offenses are undeniably serious. Allowing Craft to be released prior to the

-6-

completion of his sentence would not promote respect for the law or proper

deterrence, provide just punishment, or avoid unwarranted sentencing

disparities.  The court finds that Craft is not an appropriate candidate for the

extraordinary remedy of compassionate release.

<u>CONCLUSION</u>

For the foregoing reasons, IT IS HEREBY ORDERED that

Defendant's motion for compassionate release (ECF No. 96) is DENIED.

Dated:  July 23, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 23, 2020, by electronic and/or ordinary mail and also on
Diamond Shilo Craft # 31046-039, FCI Manchester, Federal
Correctional Institution, P.O. Box 4000, Manchester, KY  40962.

<u>s/Brianna Sauve</u>
Deputy Clerk