UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DIAMOND CRAFT,

    Defendant.
_____/

Case No. 02-81043

Hon. George Caram Steeh

ORDER DENYING DEFENDANT'S MOTIONS
FOR RECONSIDERATION AND TO
<u>APPOINT COUNSEL (ECF Nos. 104, 106)</u>

Defendant Diamond Craft seeks reconsideration of the court's order denying his motion for compassionate release, as well as the appointment of counsel. Craft moved for compassionate release based upon his chronic health problems and the COVID-19 pandemic. The court denied the motion because Craft did not demonstrate that extraordinary and compelling reasons rendered him eligible for release, he was not a danger to the community, and the § 3553(a) factors supported a sentence reduction.

The standard for granting a motion for reconsideration is as follows:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either

-1-

> expressly or by reasonable implication. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3). Having reviewed his motion, the court finds that Craft has not demonstrated that the court erred or was misled by a "palpable defect" in denying his motion for compassionate release.[1]

Because Craft has not articulated a colorable claim for compassionate release, the court will also deny his request for the appointment of counsel. The appointment of counsel for postconviction proceedings is a matter of the court's discretion, not a constitutional right. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004) (court may appoint counsel for habeas petitioner "only where the interests of justice or due process so require"); *United States v. Prater*, 2020 WL 2616120, at *2 (E.D. Ky. May 22, 2020) ("There is no constitutional right to counsel in proceedings filed under 18 U.S.C. § 3582."). When a petitioner has not articulated a colorable claim, the

---

[1] In reviewing his motion for reconsideration, the court also reviewed Craft's reply brief (to the extent it was legible), which was filed after the court issued its order denying the motion for compassionate release. *See* ECF No. 105. The delay in filing was attributable to mail delays and the reduced accessibility of the courthouse as a result of pandemic precautions. Neither the reply nor Craft's motion for reconsideration establishes that the court erred in denying compassionate release.

appointment of counsel would not serve the interests of justice. *Lemeshko*, 325 F. Supp.2d at 788.

Accordingly, IT IS HEREBY ORDERED that Defendant's motions to appoint counsel (ECF No. 104) and for reconsideration (ECF No. 106) are DENIED.

Dated: September 4, 2020

                             s/George Caram Steeh
                             GEORGE CARAM STEEH
                             UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 4, 2020, by electronic and/or ordinary mail and also on Diamond Craft #31046-039, FCI Manchester, Federal Correctional Institution, P.O. Box 4000, Manchester, KY 40962.

s/Brianna Sauve
Deputy Clerk