UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DIAMOND CRAFT,

    Defendant.
_____/

Case No. 02-81043

Hon. George Caram Steeh

## ORDER DENYING EXTENSION TO FILE APPEAL

Defendant Diamond Craft filed a motion for compassionate release, which the court denied on July 23, 2020. Craft then filed a motion for reconsideration and for appointment of counsel, which the court denied on September 4, 2020. The fourteen-day period for filing a notice of appeal expired on September 18, 2020. *See* Fed. R. Civ. P. 4(b)(1)(A). Craft filed a notice of appeal on October 5, 2020. Pursuant to Rule 4(b)(4), the court may extend the appeal period by thirty days, upon a finding of good cause or excusable neglect.

The Sixth Circuit remanded the matter to this court so that it may determine whether Craft has demonstrated good cause or excusable neglect warranting an extension of the appeal period. ECF No. 112. The

parties have filed supplemental briefs and exhibits to assist the court in this determination. ECF Nos. 114, 115.

Craft appears to argue that he had good cause for failing to meet the appeal deadline, given the COVID-19 restrictions at his facility. "Good cause will be found where forces beyond the control of the appellant prevented her from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006).

Craft states that when he arrived at FCI Manchester in July 2020, it was locked down because of the pandemic and he did not receive his personal items, including legal papers, until September 15, 2020. ECF No. 115 at PageID 961. He was unable to purchase stamps from September 21, 2020, to October 4, 2020, because the commissary was closed for inventory.[1] *Id.* at PageID 963. Craft reports that the pandemic has made it difficult to schedule time at the law library, as visits must be scheduled in advance, must comply with social distancing, and are prioritized based upon prisoners' legal deadlines. *Id.* at PageID 964-66.

---

[1] Although Craft claims that he was unable to purchase stamps from September 9, 2020, to October 7, 2020, the memorandum he attached from his unit manager indicates that the commissary was closed and stamps were unavailable from September 21, 2020, to October 4, 2020. *See* ECF No. 115 at PageID 959, 963.

Although Craft has detailed certain hurdles related to the pandemic, he has not demonstrated how these obstacles prevented him from filing a timely notice of appeal between September 4 and September 18, 2020. The docket indicates that the court's September 4, 2020 order was mailed to Craft at FCI Manchester on that date. Craft has not specified when he received the order. FCI Manchester was on "modified operations" due to the pandemic, with prisoners primarily limited to their cells. ECF No. 114-2. However, they were "released periodically by tiers, for showers, grab and go meals and commissary and other activities." *Id.* According to an affidavit presented by the government, prisoners would be able to purchase stamps to comply with a legal deadline. *Id.* Craft purchased a book of stamps on September 9, 2020, although he states they were used for "other legal matters." ECF No. 115 at PageID 959. Mail from FCI Manchester "goes out daily." ECF No. 114-2. Craft did not need his legal papers or access to the law library to file a notice of appeal. *United States v. Douglas*, 746 Fed. Appx. 465, 467 (6th Cir. 2018) (loss of legal paperwork did not constitute good cause because an appeal "requires no legal form" and defendant could have appealed by "simply writing a letter"). Based upon the record before the court, it is unable to find that Craft was prevented from filing a timely notice of appeal by forces beyond his control.

Nor does the record reveal a basis for finding excusable neglect, an argument that Craft does not appear to pursue. "Excusable neglect has been held to be a strict standard which is met only in extraordinary cases . . . . Ignorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect." *Nicholson v. City of Warren*, 467 F.3d 525, 526-27 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)).

For these reasons, IT IS HEREBY ORDERED that Craft's motion to extend the time to appeal is DENIED.

Dated:  March 2, 2021

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 2, 2021, by electronic and/or ordinary mail and also on Diamond Shilo Craft #31046-039, Manchester Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 4000, Manchester, KY 40962.

s/Brianna Sauve
Deputy Clerk