UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

DIAMOND CRAFT,

    Defendant.

_____/

Case No. 02-81043

Hon. George Caram Steeh

OPINION AND ORDER DENYING MOTION FOR
COMPASSIONATE RELEASE (ECF No. 118)

Before the court is Defendant Diamond Craft's second motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c). The court denied Defendant's first motion on July 23, 2020, concluding that Craft did not demonstrate extraordinary and compelling reasons for his release and that the factors set forth in 18 U.S.C. § 3553(a) did not support a sentence reduction. In his second motion, Defendant raises several new issues that he argues are extraordinary and compelling. The court is not persuaded that Defendant has made the necessary showing of extraordinary and compelling circumstances; moreover, the court's initial determination that the § 3553(a) factors do not weigh in favor of a sentence reduction remains

- 1 -

unchanged. Accordingly, for the reasons explained below, Defendant's motion is denied.

## BACKGROUND FACTS

After a jury trial, Craft was convicted of being a felon in possession of a firearm, possession with intent to distribute marijuana, and possession of a firearm in furtherance of a drug trafficking crime. Prior to this, Craft had eight felony and five misdemeanor convictions. He was on probation for a state drug trafficking offense when he committed the instant crimes, as well as another marijuana trafficking offense charged in a separate indictment before Judge Zatkoff. (E.D. Mich. Case No. 02-81172.) In 2004, the court sentenced Craft as a career offender to a total of 360 months of imprisonment. He is forty-nine years old and his projected release date is November 25, 2028.

## LAW AND ANALYSIS

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Before filing a compassionate release motion, a prisoner must exhaust his administrative remedies. *United States v. Alam*, 960 F.3d 831, 833-34 (6th

Cir. 2020). The parties agree that Craft has exhausted his administrative remedies, allowing the court to consider the merits of his motion.

When reviewing a compassionate-release motion, the court considers the following: (1) whether "extraordinary and compelling reasons" warrant a sentence reduction; (2) whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) whether "all relevant sentencing factors listed in 18 U.S.C. § 3553(a)" support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)).

The "extraordinary and compelling" requirement is a substantial hurdle. *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021), *cert. denied*, 142 S. Ct. 2771 (2022) (noting that "'extraordinary' was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent'" and "'[c]ompelling' meant 'forcing, impelling, driving'"); *United States v. McCall*, __ F.4th __, 2022 WL 17843865, at *6 (6th Cir. Dec. 22, 2022) (*en banc*) ("[A]n 'extraordinary and compelling reason' is one that is unusual, rare, and forceful.").

Craft raises several issues on this front, including his risk of a COVID-19 infection as someone with pre-diabetes and high blood pressure. Early in the COVID-19 pandemic, some courts found the risk of contracting the virus in prison, coupled with a defendant's serious health conditions, met the extraordinary and compelling standard. However, pandemic conditions have evolved and these factors no longer constitute extraordinary and compelling reasons. With the widespread availability of vaccines, the risk of severe health outcomes has been ameliorated. The Sixth Circuit has made clear that "a defendant's incarceration during the COVID-19 pandemic – when the defendant has access to the COVID-19 vaccine – does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *see also United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (no extraordinary and compelling circumstances based upon serious health conditions when inmate received COVID-19 vaccine); *United States v. Austin*, No. 15-20609, 2021 WL 1137987, at *2 (E.D. Mich. Mar. 25, 2021), *aff'd*, 2021 WL 4771125 (6th Cir. Aug. 9, 2021) (no extraordinary and compelling circumstances when prisoner refused COVID-19 vaccine).

Craft also argues that changes in the law constitute extraordinary and compelling reasons for his release. He contends that he would no longer

- 4 -

qualify as a career offender if sentenced today, because section 401 of the First Step Act changed the definition of "serious drug felony" and his previous marijuana convictions would not meet that definition. This section of the First Step Act reduces certain mandatory minimum sentences and applies to defendants who are sentenced after the effective date of December 21, 2018; it does not apply to Craft, who was sentenced in 2004.[1] *See United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019) (noting that except for certain provisions related to minimum sentences for crack cocaine convictions, "the First Step is largely forward-looking and not retroactive").

Sitting *en banc*, the Sixth Circuit recently concluded that nonretroactive changes in the law do not constitute extraordinary and compelling circumstances that would support a sentence reduction. *McCall*, 2022 WL 17843865, at *15 ("Nonretroactive legal developments, considered alone or together with other factors, cannot amount to an

---

[1] Moreover, although the First Step reduced mandatory minimum sentences for certain drug crimes, it "did not affect the definition of offenses that qualify for career offender status under U.S.S.G. § 4B1.1." *Wiseman*, 932 F.3d at 420. *See* U.S.S.G. § 4B1.1 ("A defendant is a career offender if . . . the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."); U.S.S.G. § 4B1.2 (controlled substance offenses are those "punishable by imprisonment for a term exceeding one year"). In other words, the changes in the law brought about by the First Step Act, even if retroactive, would not affect Craft's career offender status or his sentence.

'extraordinary and compelling reason' for a sentence reduction."); *see also United States v. Wills*, 997 F.3d 685, 688 (6th Cir. 2021); *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021), *cert. denied*, 142 S.Ct. 2771 (2022). In light of *McCall*, the court may not consider nonretroactive changes in sentencing law when determining whether the "extraordinary and compelling" standard has been met.

Craft also contends that changes to Michigan's marijuana laws constitute an extraordinary and compelling reason for a sentence reduction. Craft argues that his previous state marijuana convictions should not count as "controlled substance offenses" toward his career offender status because recreational marijuana has been legalized in Michigan and his convictions may be expunged. However, when determining whether a prior conviction qualifies as a predicate controlled substance offense under the Sentencing Guidelines, the court looks to the nature of those offenses at the time that they occurred, not at the time of sentencing or a later date. *United States v. Clark*, 46 F.4th 404, 415 (6th Cir. 2022) (holding that "the district court properly enhanced Clark's sentence under § 4B1.1(a) because courts must define the term 'controlled substance offense' in the Guidelines with reference to the law in place at the time of the prior conviction at issue"). Viewing Craft's prior marijuana offenses with

reference to the law applicable at the time of conviction, they qualified as controlled substance offenses for the purposes of the career offender enhancement. Subsequent changes to Michigan law do not permit the court to revisit Craft's sentence, nor do they constitute extraordinary and compelling reasons for release. *See Clark*, 46 F.4th at 415; *McKinnie*, 24 F.4th at 587.

Craft also argues that he has grounds to challenge his sentence under *Johnson v. United States*, 135 S.Ct. 2551 (2015). *See* ECF No. 95. In 2018, the Sixth Circuit denied Craft's motion to file a second or successive motion to vacate under 28 U.S.C. § 2255. Judge Merritt wrote a concurrence, suggesting that Craft "may have had a colorable claim had he instead challenged his crime of violence [predicate offense] using *Johnson*." ECF No. 95. Judge Merritt suggested that it was an open question "whether a defendant who was sentenced under the mandatory pre-*Booker* Guidelines may still mount a vagueness attack on his sentence." *Id.* However, the Sixth Circuit has answered this question in the negative. *Raybon v. United States*, 867 F.3d 625, 630 (6th Cir. 2017) (defendant sentenced under pre-*Booker* mandatory guidelines may not use *Johnson* to attack sentence under § 2255); *Jones v. United States*, 832 Fed. Appx. 929, 933 (6th Cir. Oct. 19, 2020), *cert. denied*, 141 S. Ct. 2866

(2021). And because this argument would be precluded in the habeas context, Craft may not avoid this result by relying upon it as a basis for compassionate release. *Hunter*, 12 F.4th at 567 (prisoners may not "avoid the specific habeas restrictions by resorting to compassionate release"); *McCall*, 2022 WL 17843865, at *8-9.

Craft asserts that based upon the amount of marijuana recovered when he was arrested, he was "over prosecuted" and held responsible for a much larger quantity. He further contends that he initially attempted to plead guilty in state court to the charges, and would have received a sentence of two years in prison. These facts, which were known at the time of sentencing, do not constitute extraordinary and compelling circumstances. As the Sixth Circuit has emphasized, "facts that existed when the defendant was sentenced cannot later be construed as 'extraordinary and compelling' justifications for a sentence reduction." *Hunter*, 12 F.4th at 562, 569-70.

Lastly, Craft argues that his family circumstances, health, and rehabilitation warrant compassionate release. He states that his mother is elderly and he is her only living child, and that his six-year-old grandson has sickle cell anemia. Although certain family situations may constitute extraordinary and compelling circumstances, this exception is generally

- 8 -

limited to situations in which the defendant is the only available caregiver for minor children or an incapacitated spouse. *See* U.S.S.G. § 1B1.13; *United States v. Gibson*, 2021 WL 2549682, at *4 (E.D. Mich. June 22, 2021) ("[D]istrict courts continue to 'routinely den[y] motions for compassionate release when the defendants cannot show that they would be the only available caregiver of a minor child, even if their incarceration imposes substantial burdens on a spouse or co-parent to a minor child.'") (collecting cases); *United States v. Brewer*, 2022 WL 1125797, at *2 (E.D. Mich. Apr. 15, 2022) ("In general, having a sick or aging parent is not an extraordinary circumstance to release a prisoner.").

Craft has not substantiated his claim that there are no other available caregivers for his mother and does not allege that he has any responsibilities with respect to his grandson. As for his health, he does not have a terminal illness or serious impairment that cannot be managed in the prison environment. *See generally* U.S.S.G. § 1B1.13 (policy statement). And, while the court commends Craft's efforts at rehabilitation, the court may not rely on rehabilitation alone as a basis for compassionate release. 18 U.S.C. § 994(t).

For these reasons, the court finds that Craft has not demonstrated an extraordinary and compelling basis for a sentence reduction, and the court

does not have the discretion to grant his motion. Additionally, in order for the court to grant compassionate release, the § 3553 factors must support a sentence reduction. *See* 18 U.S.C. § 3553(a); *United States v. Kincaid*, 802 Fed. Appx. 187 (6th Cir. 2020) (affirming denial of compassionate release motion when district court found that § 3553 factors did not weigh in favor of sentence reduction). These factors include the defendant's history and characteristics, the seriousness of the offense, the need to promote respect for the law and provide just punishment, general and specific deterrence, and the protection of the public. 18 U.S.C. § 3553(a). It is presumed "that the district court's initial balancing of the § 3553(a) factors during [defendant's] sentencing remains an accurate assessment as to whether those factors justify a sentence reduction, meaning [defendant] must make a compelling case as to why the sentencing court's § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021).

As the court explained in its order denying Craft's first motion for compassionate release: "Craft has a history of recidivism, including several crimes that he committed while on probation, leading the court to sentence him as a career offender. His drug and firearms offenses are undeniably serious. Allowing Craft to be released prior to the completion of his

sentence would not promote respect for the law or proper deterrence, provide just punishment, or avoid unwarranted sentencing disparities." ECF No. 103 at PageID 882-83. The court's assessment of the § 3553(a) factors has not changed.

Accordingly, IT IS HEREBY ORDERED that Craft's second motion for compassionate release is DENIED.

Dated: January 17, 2023

                              s/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 19, 2023, by electronic and/or ordinary mail and also on Diamond Shilo Craft #31046-039, Manchester Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 4000, Manchester, KY 40962.

s/Michael Lang
Deputy Clerk

---